UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------

SPECNER D. DREIER

    Plaintiff,

- against -

BEN CLORITE,

    Defendant.

------------------------------------X

09 Civ. 7553
(JGK) (MHD)

AMENDED **COMPLAINT**

Plaintiff, Spencer Dreier, appearing pro se, complains of the defendant as follows:

## THE PARTIES

1. Plaintiff is an individual residing at 425 East 58th street, New York, New York. Plaintiff is over 18 years of age.

2. Defendant is an individual residing in Madison, Connecticut. Defendant is, and at all relevant times has been, over 18 years of age.

## JURISDICTION AND VENUE

3. This is an action here by removal from New York State Supreme Court. This Court has jurisdiction, pursuant

to 28 U.S.C. 1332 (a), by reason of diversity of citizenship. Venue lies under 28 U.S.C. 1391(a).

## THE FACTS

4.   Commencing September 2008, plaintiff attended Union College in Schenectady, New York. Plaintiff was assigned by the college to share a dormitory room with the defendant, who was also a freshman student.

5.   On three separate occasions, between or about October 15, 2008, and January 26, 2009 the defendant willfully struck the plaintiff in his dormitory room in an offensive manner, without plaintiff's consent, with the intent to cause plaintiff offensive contact, pain, bodily harm and/or other harm.

   A. On each occasion, defendant punched the plaintiff.

   B. On the last occasion, in January 26, 2009, defendant punched the plaintiff and tackled plaintiff into a wall in the room.

6. As a direct result of the foregoing, plaintiff suffered pain and bodily harm, mental distress and other loss and injury.

7. Defendant engaged in the foregoing conduct with malice.

8. On the evening of January 27, 2009, defendant threatened the plaintiff with physical violence. Defendant barged into dormitory room he shared with plaintiff, and was prevented from doing so upon being physically restrained by other students.

9. Defendant engaged in the foregoing conduct with malice.

10. As a direct result of the foregoing incident on January 27, 2009, Plaintiff felt physically threatened, feared bodily harm and suffered emotional distress.

11. Between or about October 2, 2008 and January 27, 2009, defendant engaged in a campaign of verbal abuse and harassment against the plaintiff, which escalated after plaintiff's father was arrested in New York in December 2008, on charges of securities fraud.

12. On or about January 27, 2009, while at Union College, defendant posted and caused to be published a certain Blog on the internet, in the Wall Street Journal Law Blog, a true and correct copy of which is attached hereto as Exhibit A2 (the "Blog").

13. As intended, the Blog has been read by numerous third parties and likely will still be read by numerous others.

14. In the Blog the defendant identified himself as "living with Marc Dreier's 19 year old son," whom he also identified by name, i.e. the plaintiff. The defendant made various disparaging statements in the Blog about the plaintiff and his father, and the Blog further stated in particular: "I have personally heard his son [the plaintiff] performing acts that are illegal and direct obstructions to the case on his father" (the "Libelous Statement").

15. The Libelous Statement was false.

16. When he made the Libelous Statement, defendant knew the statement to be false or acted in reckless disregard of the truth.

17. Defendant posted the Blog and made the Libelous Statement with the intent and for the purpose of holding the plaintiff up to public hatred, ridicule and disgrace and damaging the plaintiff's present and future reputation.

18. Defendant posted the Blog and made the Libelous Statement with malice.

19. As a direct and proximate result of the defendant's Libelous Statement, plaintiff has suffered and will continue to suffer public ridicule and disgrace and substantial harm to his reputation.

20.  As a direct approximate result of the foregoing, plaintiff was caused to withdraw from Union College and transferred to another college and suffer related loss and harm.

COUNT ONE
For Libel Per Se

21.  Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 4, 12 and 14 through 15 hereinabove as if fully set forth herein.

22.  Defendant's Libelous Statement was defamatory Per Se.

23.  Plaintiff has suffered damages to his reputation and mental anguish as a direct and proximate result of the Libelous Statement; which can be presumed from the foregoing in an amount not less than $1 million to be determined at trial.

COUNT TWO
For Libel Per Se

24.  Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 2, 4, 12 through 19 and 22 hereinabove as if fully set forth herein.

25. Plaintiff ahs suffered damages to his reputation and mental anguish as a direct and proximate result of the Libelous Statement in an amount not less than $1 Million to be determined at trial.

COUNT THREE
For Libel

26. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 4 and 12 through 20 hereinabove as if fully set forth herein.

27. Defendant has libeled the plaintiff.

28. As a direct and proximate result of the foregoing, plaintiff has suffered, and will continue to suffer, including, but not limited to, the costs associated with withdrawal from Union College and transfer to another college, the loss of future career opportunities and future earnings and the injury associated with criminal jeopardy arising from false witness.

COUNT FOUR
(For Battery)

29. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 7 as if fully set forth herein.

30. Defendant has inflicted battery on the plaintiff.

31. As a direct and proximate result of the foregoing, plaintiff has suffered damages in an amount to be determined at trial.

COUNT FIVE
(For Assault)

32. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 4 and 8 through 10 hereinabove as if fully set forth herein.

33. Defendant has assaulted the plaintiff.

34. As a direct and proximate result of the foregoing, plaintiff has suffered damages in an amount to be determined at trial.

COUNT SIX
(For Intentional Infliction of Emotional Distress)

35.  Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 20 hereinabove as if fully set forth herein.

36.  Defendant has engaged in outrageous conduct beyond the bounds of decentcy.

37. Defendant has wrongfully and intentionally caused plaintiff to suffer severe emotional distress.

38.  As a direct and proximate result of the foregoing, plaintiff has suffered damages, not less than $1 Million in an amount to be determined at trial.

39.  Plaintiff demands a trial by jury as to issue in all claims.

WHEREFORE, plaintiff demands judgment against the defendant as follows:

    A. On Count One, general and other compensatory damages in an amount not less than $1 million to be determined at trial;

    B. On Count Two, general and other compensatory damages in an amount not less than $1 Million to be determined at trial;

    C. On Count Three, special and other damages in an amount not less than $1 Million to be determined at trial.

D. On Count Four, compensatory damages in an amount to be determined at trail

E. On Count Five, Compensatory damages in a n amount to be determined at trial;

F. On Count Six, compensatory damages in an amount not less than $1 Million to be determined at trial;

G. On each of the Six Count, punitive damages in an amount to be determined at trial; and

H. All costs and expenses incurred by plaintiff in this action and such other and further relief as the Court deems just and proper.

Dated: New York, New York
      May 28, 2009

*Spencer Dreier* (JS)
Spencer Dreier
<u>Pro</u> <u>Se</u>
425 E. 58th St.
New York N.Y. 10022

I have had the pleasure of living with marc dreier's 19 yr old son since september, and I would be hard fought to find a more dissilusioned family with a skewed view on reality. I have personally heard his son performing acts that are illegal and direct obstructions to the case on his father. It is honestly people like this who have brought down this country. It would be an insult to each and every hard working american if marc dreier were not imprisoned for life. And yes he will flee if he is given bail. Never in my life could I imagine any greater magnitude of self-entitlement and ignorance than I have seen in Marc and Spencer Dreier. Fortunately for the country Spencer Dreier holds the same terrible attributes as his father with one third of the intelligence and common sense.
**Comment by marc dreier's son's roommate** - January 27, 2009 at 8:01 pm

## Post a Comment

Name :

Comment:

Exhibit A

## CERTIFICATE OF SERVICE

I, Joseph Schllaut, hereby certify: I am over the age of eighteen years and am not a party to this action. On March 26th, 2010, I caused to be served by first class mail the within document entitled amended complaint upon Jerome Coleman, Putney Twombly Hall & Hirson LLP, 521 5th ave New York, NY 10175, by depositing same enclosed in a post paid properly addressed wrapper in an offical depository in the exclusive care and cusdity of the U.S. Postal Service within the city, county and state of New York.

I declare under penalty of perjury that the foregoing in true and correct.

3/26/10

*[signature: Joseph Schllaut]*